# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROLANDO HERNANDEZ-MACIAS, also known as Rolando Hernandez-Macias, also known as Rolando Macias Hernandez, also known as Rolando Hernandez, also known as Rolando Macias-Hernandez, also known as Jose Macias, also known as Rolando Hernandez Macias, also known as Jose Hernandez, also known as Rolando Macias, also known as Jose Rolando Macias-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-910-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Appealing his conviction under 8 U.S.C. § 1326(a) and (b)(1) for illegally reentering the United States following removal, Jose Rolando Hernandez-Macias challenges the district court's order declining to dismiss his indictment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50645

He contends that the notice to appear issued in his removal proceeding was defective, his removal was thus invalid, and it could not be used to support his illegal reentry conviction.  Additionally, Hernandez-Macias contends that he satisfied or is excused from satisfying the § 1326(d) requirements for collaterally attacking his removal order.  Hernandez-Macias concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).

The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha*. Alternatively, the Government requests an extension of time to file its brief. Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *Pedroza-Rocha*, 933 F.3d at 496-98, we held that the notice to appear was not deficient merely because it did not specify a date for the hearing, any such purported deficiency had not deprived the immigration court of jurisdiction, and the appellant could not collaterally attack his notice to appear without first exhausting his administrative remedies.  Hernandez-Macias's arguments are, as he concedes, foreclosed.  *See id.*

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file its appellate brief is DENIED as moot.